Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK GILES, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | (JURY DEMANDED) |
| RECOVERY SOLUTIONS GROUP LLC, a Delaware limited liability company, | |
| Defendant. | |

Plaintiff Frank Giles, on behalf of himself and all others similarly situated, by and through his attorneys, Kirk D. Miller of *Kirk D. Miller, P.S.* and *Cameron Sutherland, PLLC*, alleges the following:

COMPLAINT - 1

# I. COMPLAINT

1.1 This is an action for damages and remedies against RECOVERY SOLUTIONS GROUP LLC (hereinafter "Recovery"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, ("FDCPA"), Washington Collection Agency Act, RCW 19.16, *et seq.*, ("WCAA"), and Washington's Consumer Protection Act, RCW 19.86, *et seq.*, ("CPA").

# II. JURISDICTION & VENUE

2.1 Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

2.2 Supplemental jurisdiction of this Court over state law claims alleged herein arises under 28 U.S.C. § 1367.

2.3 Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

# III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1 Plaintiff Frank Giles is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

COMPLAINT - 2

3.2  Plaintiff Giles is a natural person.

3.3  Plaintiff Giles was alleged to be obligated to pay a debt to Defendant Recovery.

3.4  Plaintiff Giles's alleged debt was an obligation to pay money to Defendant Recovery arising out of a transaction primarily for personal, family, or household purposes.

3.5  The debt that Defendant Recovery alleges Plaintiff Giles owes is for charges related to cleaning, restoration, and repairs to his home following a house fire.

3.6  In the process of collecting alleged debts from Plaintiff Giles, Defendant Recovery was not a licensed collection agency as required by Washington State Law.

3.7  Defendant Recovery is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.8  Defendant Recovery is a "collection agency" as defined by RCW 19.16.100(4).

3.9  Defendant Recovery is an "out-of-state collection agency" as defined by RCW 19.16.100(10).

3.10  Defendant Recovery's conduct is regulated by the FDCPA.

COMPLAINT - 3

3.11   Defendant Recovery's conduct is regulated by the WCAA, RCW 19.16, *et seq*.

## IV. PARTIES

4.1   At all relevant times, Plaintiff Frank Giles was a resident of Washington State, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2   Defendant Recovery is a Delaware business primarily engaged in the business of collecting debts on behalf of creditors in Washington State and elsewhere.

## V. FACTS

5.1   In or around April 2017, a fire occurred at Plaintiff Giles' home in Spokane, Washington.

5.2   As part of the restoration effort after the fire, ServiceMaster by Compass ("ServiceMaster") performed cleaning and repairs at Plaintiff Giles' home.

5.3   ServiceMaster billed Plaintiff Giles for the services it claimed to have performed for him.

5.4   A dispute arose between ServiceMaster and Plaintiff Giles regarding the billed charges.

COMPLAINT - 4

5.5 ServiceMaster assigned collection of the billed charges to Defendant Recovery.

5.6 In June of 2018, Plaintiff Giles received a communication in the form of a letter from Defendant Recovery dated June 19, 2018.

5.7 Defendant Recovery's June 19, 2018 letter was the first written communication from Defendant to Plaintiff.

5.8 Defendant Recovery's June 19, 2018 letter alleged that the "Original Balance" owed by Plaintiff Giles was four thousand four hundred ninety-nine dollars and sixty-six cents ($4,499.66).

5.9 The original balance claimed due by ServiceMaster was three thousand three hundred thirty-three dollars and eight cents ($3,333.08).

5.10 The four thousand four hundred ninety-nine dollars and sixty-six cents ($4,499.66) Defendant Recovery stated was the "Original Balance" included collection costs.

5.11 The four thousand four hundred ninety-nine dollars and sixty-six cents ($4,499.66) Defendant Recovery stated was the "Original Balance" included interest charges.

5.12 Defendant Recovery's June 19, 2018 letter offered to resolve the alleged outstanding balance due of four thousand four hundred ninety-

COMPLAINT - 5

nine dollars and sixty-six cents ($4,499.66) for three thousand three hundred thirty-three dollars and eight cents ($3,333.08).

5.13 Defendant Recovery's June 19, 2018 letter contained the script "This is an attempt to collect a debt. Any information obtained will be used for that purpose."

5.14 Plaintiff refused to pay Defendant any of the charges added onto the true original balance.

5.15 On July 2, 2018, Plaintiff Giles paid three thousand three hundred thirty-three dollars and eight cents ($3,333.08) to ServiceMaster directly.

5.16 ServiceMaster accepted the three thousand three hundred thirty-three dollars and eight cents ($3,333.08) amount paid by Plaintiff Giles, in full satisfaction of the alleged debt.

5.17 In July 2018, Mr. Giles received another letter from Defendant Recovery, dated July 3, 2018, regarding the same debt allegedly owed to ServiceMaster.

5.18 Defendant Recovery's July 3, 2018 letter alleged an "Original Balance" of one thousand one hundred sixty-six dollars and fifty-eight cents ($1,166.58) as due and owing.

COMPLAINT - 6

5.19 Defendant Recovery's July 3, 2018 letter offered to resolve the alleged outstanding amount due for three thousand three hundred thirty-three dollars and eight cents ($3,333.08).

5.20 Defendant Recovery was not a licensed collection agency in Washington State until November 6, 2018.

## VI. VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT, RCW 19.16, *et seq*.

6.1 At all times prior to November 6, 2018, Defendant Recovery was prohibited by Washington law from acting as a collection agency in Washington State.

6.2 None of the communications from Defendant Recovery to Plaintiff Giles contained any of the required information set forth in RCW 19.16.250(a),(c),(d),or (e).

6.3 Defendant Recovery violated RCW 19.16.110 and 19.16.250 by acting as a collection agency and attempting to collect money from Plaintiff Giles without first having obtained a license to do so.

6.4 Acting as a collection agency in Washington without first obtaining the proper license is a per se prohibited practice under the Washington Collection Agency Act (WCAA), RCW 19.16.*et seq*.

COMPLAINT - 7

6.5 Defendant Recovery violated RCW 19.16.250 by directly or indirectly aiding unlicensed persons to engage in business as a collection agency in this state.

6.6 Defendant Recovery violated RCW 19.16.250 by failing to provide Plaintiff Giles with the information required by RCW 19.16.250(8)(a),(c),(d), and (e).

6.7 Defendant Recovery's violations of RCW 19.16.110 and RCW 19.16.250 are per se unfair and deceptive acts or practices pursuant to RCW 19.16.440.

6.8 Defendant Recovery's violations of RCW 19.16.110 and RCW 19.16.250 affect the public interest as they have the capacity to injure other persons.

6.9 Defendant Recovery's unlicensed collection activities impact not only Washington consumers but also creates an unfair advantage over other collection agencies that abide by Washington law.

6.10 Defendant Recovery's actions occurred in its trade as a collection agency.

6.11 Defendant Recovery's actions caused Plaintiff Giles to suffer harm in his business or property.

COMPLAINT - 8

6.12 A violation of the Washington Collection Agency Act "constitute[s] a per se violation of the Washington Consumer Protection Act." RCW 19.86, *et seq*. *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 157, 803 P.2d 10, 13 (1991).

## VII. UNJUST ENRICHMENT

7.1 Having failed to first obtain a Washington collection agency license, Defendant Recovery was at all times prior to November 6, 2018 prohibited from collecting or attempting to collect debt in Washington State.

7.2 Prior to November 6, 2018, Defendant Recovery engaged in the business of a collection agency in Washington State.

7.3 Prior to November 6, 2018, Defendant Recovery attempted to collect, and did collect, money from Washington residents in its capacity as a collection agency.

7.4 Prior to November 6, 2018, Defendant Recovery profited from money collected from Washington residents.

7.5 Defendant Recovery profited from its attempt to collect money from Plaintiff Giles.

7.6 Defendant Recovery was unjustly enriched as a result of its illegal, unlicensed collection activity.

COMPLAINT - 9

## VIII. VIOLATIONS OF THE FDCPA

8.1   Defendant Recovery held itself out as a legally acting collection agency when it was not.

8.2   Defendant Recovery represented or implied to Plaintiff Giles that it was legally allowed to collect debts for ServiceMaster, even though it was prohibited to do so by Washington law.

8.3   As a result of its failure to license, all communications from Defendant Recovery to Plaintiff Giles were false, deceptive, or misleading attempts to collect money from Plaintiff Giles, in violation of 15 U.S.C. § 1692e.

8.4   In its initial written communication with Plaintiff Giles, Defendant Recovery failed to provide the disclosures required by 15 U.S.C. § 1692g(a).

8.5   In subsequent communications with Plaintiff Giles, Defendant Recovery failed to provide the disclosure required by 15 U.S.C. § 1692e(11).

8.6   Defendant Recovery communicated a false, deceptive, or misleading statement to Plaintiff Giles by claiming that the "Original Balance" was more than the original balance owed to ServiceMaster.

COMPLAINT - 10

8.7  Defendant Recovery's "Original Balance" communication was false, deceptive, or misleading because it did not clarify that the balance included costs, interest, fees, or other charges added to the balance initially claimed due by ServiceMaster.

8.8  Having violated the Washington Collection Agency Act, RCW 19.16.250's prohibited practices, Defendant Recovery was thereafter prohibited by RCW 19.16.450 from adding any interest, fees, or costs to the principal amount of the claim.

8.9  The addition of interest, fees, or costs in Defendant Recovery's communications violates the FDCPA 15 U.S.C. § 1692f(1).

8.10 For the reasons set forth above, all communications from Defendant Recovery to Plaintiff Giles were unfair attempts to collect amounts not permitted by law in violation of § 1692f.

## IX. CLASS ALLEGATIONS

9.1  This action is brought on behalf of a class consisting of:

9.1.1 All persons residing in Washington who received a communication from Defendant Recovery;

9.1.2 Who within (4) four years preceding the filing of this Complaint received any communication from Defendant Recovery that was an attempt to collect a debt; and

COMPLAINT - 11

        9.1.3  Where such communication occurred prior to November 6, 2018, the date Defendant Recovery obtained a license to operate as a collection agency or out-of-state collection agency.

9.2  Plaintiff Giles has the same claims as the members of the class. Plaintiff Giles' claims are based on the same factual and legal theories.

9.3  Plaintiff Giles will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating this matter.

9.4  Neither Plaintiff Giles nor his counsel have any interests which might cause them not to vigorously pursue this claim.

9.5  A class action is a superior method for the fair and efficient adjudication of this controversy.

9.6  Class wide damages are essential to induce Defendant Recovery to comply with the law.

9.7  Prior to November 6, 2018, Defendant Recovery sent collection letters to more than one hundred Washington residents.

9.8  Prior to November 6, 2018, Defendant Recovery collected money from more than one hundred Washington residents.

9.9  The interest of the class members in individually controlling the presentation of separate claims against Defendant Recovery is small

COMPLAINT - 12

because the amount of damages recoverable in a FDCPA, WCAA, and CPA damages case is relatively small.

9.10  Certification of a class pursuant to Fed.R.Civ.Pro 23(b)(3) of the is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

9.11  Certification of a class pursuant to Fed.R.Civ.Pro. 23(b)(2) is also appropriate. Defendant Recovery acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## X. DEMAND

WHEREFORE, Plaintiff Giles demands judgment as follows:

10.1  Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2);

10.2  Actual damages sustained under the FDCPA, WCAA, and/or CPA;

10.3  Treble damages pursuant to the CPA, RCW 19.86.090;

10.4  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3), and/or the CPA, RCW 19.86.090;

COMPLAINT - 13

10.5  Declaratory judgment that Defendant Recovery's practices violate the FDCPA, WCAA, and CPA;

10.6  Disgorgement of all Defendant Recovery's illegally obtained funds.

10.7  Interest and other fee stripping pursuant to RCW 19.16.450;

10.8  Injunctive relief pursuant to RCW 19.86.090, prohibiting Defendant Recovery from engaging in the practices complained of herein and requiring Defendant Recovery to reimburse all debtors for illegally collected fees, costs, interest, and any other charges; and

10.9  Such other and further relief as may be just and proper.

DATED this 30th day of November, 2018.

*Kirk D. Miller, P.S.*

 /s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

*Cameron Sutherland, PLLC*

 /s Shayne Sutherland
Shayne Sutherland, WSBA #44593
Attorney for Plaintiff

COMPLAINT - 14